## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| Ryan Walker, individually and on behalf of all other similarly-situated individuals,<br><br>                   Plaintiff,<br>v.<br><br>Anson Mills, LLC.,<br><br>                   Defendant. | C/A No.: 3:25-cv-01357-SAL<br><br>**COMPLAINT**<br>**(Violation of Fair Labor Standards Act)**<br>**JURY TRIAL DEMANDED** |

Plaintiff Ryan Walker ("Plaintiff"), individually and on behalf of other similarly-situated individuals, complaining of Defendant Anson Mills, LLC., would respectfully show unto this Honorable Court as follows:

### NATURE OF THE ACTION

1. Plaintiff is a warehouse employee for Defendant Anson Mills, LLC., and consistently worked over 40 hours a week but was not paid a premium for his time over 40 hours a week. Defendant willfully and intentionally mischaracterized Plaintiff and other similarly-situated persons as independent contractors for any hours paid above 40 hours to avoid paying time a half as required by the Fair Labor Standards Act ("FLSA"). This is an action brought individually and as a collective action for unpaid overtime compensation, liquidated damages, attorney's fees, and for other relief under the FLSA. The collective action provisions under the FLSA provide for opt-in class participation.

2. This action arises out of Plaintiff's employment with Defendant.

### PARTIES, JURISIDICTION, & VENUE

3. Plaintiff Ryan Walker is a resident of Lexington County, South Carolina.

4. Defendant Anson Mills, LLC., is a South Carolina limited liability company

1

with its principal place of business in Columbia, South Carolina.

5. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

7. Defendant hired Plaintiff in September 2019 as a warehouse worker. At the time, Defendant told Plaintiff he would be expected to work 20 to 30 hours per week.

8. Beginning in 2020, Plaintiff regularly worked 80 hours per week.

9. Instead of paying Plaintiff at the FLSA overtime premium rate, Defendant would instead pay Plaintiff would mischaracterize Plaintiff as a 1099 worker for payment of hours worked over 40 per week and pay at his normal rate. There was no difference in Plaintiff's position or the type of work he engaged in during the overtime hours.

10. Defendant paid other employees in the same way, paying employees as 1099 workers for payment of hours worked over 40 hours a week and refusing to pay time and a half.

11. When Plaintiff complained about this practice, he was told by Defendant's leadership that he could reduce his hours, but he would likely be terminated.

12. In 2023, Plaintiff was promoted to warehouse manager, a full-time position. He was guaranteed 40 hours per week and was paid a salary.

13. Around September 2023, Defendant reduced Plaintiff's hours to 20 to 30 hours per week without any prior notice of this change to the terms of Plaintiff's employment terms.

14. Plaintiff brought these concerns to his manager and his manager told him that Plaintiff could complain to Defendant's owner but that if he did so, he would be fired by Defendant's owner.

## FOR A FIRST CAUSE OF ACTION
Fair Labor Standards Act – Unpaid Overtime
(Individual and Collective Action, 29 U.S.C. § 201, et seq.)

15. Plaintiff repeats and realleges each and every allegation of the foregoing paragraphs as if restated herein verbatim.

16. Defendant employed Plaintiff and members of Plaintiff class as non-exempt workers during the time periods relevant to this Complaint.

17. Defendant is a covered employer within the meaning of the FLSA, as it is an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

18. Throughout Plaintiff's employment, Defendant required Plaintiff to work in excess of 40 hours per workweek without compensating Plaintiff for such hours worked in excess of 40 at a rate of not less than one and one-half times Plaintiff's regular rate of pay in violation of Section 7(a) of the Fair Labor Standards Act. failing to pay the requisite time-and-a-half overtime compensation to employees who worked more than 40 hours in a workweek, in violation of 29 U.S.C. § 207.

19. Defendant also required members of Plaintiff class to work in excess of 40 hours per workweek without compensating them for such hours worked in excess of 40 at a rate of not less than one and one-half times Plaintiff's regular rate of pay in violation of Section 7(a) of the Fair Labor Standards Act.

20. Defendant knew it had a duty to pay Plaintiff overtime wages required by

3

the Fair Labor Standards Act and, upon information and belief, this is not the first time Defendant has failed to pay an employee overtime wages as required under the Fair Labor Standards Act.

21. Defendant's failure and/or refusal to pay Plaintiff and members of Plaintiff class the overtime wages required when it knew Plaintiff was working overtime hours was a willful violation of the Fair Labor Standards Act within the meaning of 29 U.S.C. § 255(a).

22. As a direct result of Defendant's actions, which Plaintiff contends were willful in nature, Plaintiff and members of Plaintiff class are entitled to an award against Defendant for actual, compensatory and punitive damages, including both back pay and liquidated damages, along with attorneys' fees and costs related to this action and any pre-judgment interest.

23. Plaintiff and members of Plaintiff class are entitled to damages in the amount of their unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

24. The work and pay records of Plaintiff and members of Plaintiff class are in the possession, custody, and/or control of Defendant and Defendant is under a duty pursuant to Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amount of Defendant's liability can be ascertained. Plaintiff requests an order from this Court requiring Defendant to preserve such records during the pendency of this action.

25. Plaintiff and members of Plaintiff class are also entitled to an award of reasonable attorney's fees and costs incurred in prosecuting this action, as provided by the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Therefore, Plaintiff respectfully requests that this Court grant the following relief:

a. An order authorizing the sending of appropriate notice to current and former employees of Defendant South Carolina employees who are potential members of the collective action under the FLSA;

b. A declaratory judgment that Defendant has willfully and in bad faith violated the overtime compensation provisions of the FLSA and has deprived Plaintiff and the members of Plaintiff class of their rights to such compensation;

c. An order requiring Defendant to provide a complete and accurate accounting of all the overtime compensation and other compensation to which Plaintiff and the members of the Plaintiff class are entitled;

d. An award of monetary damages to Plaintiff and the members of Plaintiff class in the form of back pay for overtime compensation and other compensation due, together with liquidated damages in an equal amount;

e. Injunctive relief ordering Defendant to amend its wage and hour policies to comply with applicable laws;

f. Pre- and post-judgment interest;

g. Punitive damages to deter Defendant from continuing its illegal action;

h. An award of costs and expenses of this action together with attorney's fees;

i. Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Respectfully submitted,

s/ Jack E. Cohoon
Jack E. Cohoon (Fed. Bar No.: 9995)
Sarah J.M. Cox (Fed. Bar No.: 13166)
BURNETTE SHUTT & MCDANIEL, PA
Post Office Box 1929
Columbia, South Carolina 29202
Tel.  (803) 904-7914
Fax  (803) 904-7910
JCohoon@BurnetteShutt.Law
SCox@BurnetteShutt.Law

**ATTORNEYS FOR PLAINTIFF**

Columbia, South Carolina

March 5, 2025